**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHINAN SUN, | No. 22-894 |
| Petitioner, | Agency No.    A215-837-318 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY,[***] District
Judge.

Zhinan Sun (Sun), a native and citizen of China, petitions for review of a

Board of Immigration Appeals' (BIA) decision affirming the Immigration

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen J. Murphy, III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1. Sun waived any challenge to the denial of CAT protection and to the denial of remand because he did not raise it in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

2. Substantial evidence supports the BIA's denial of Sun's asylum and withholding of removal claims because Sun failed to demonstrate a nexus between the harm he experienced or feared and a statutorily protected ground. An asylum applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021). For withholding of removal, an applicant must show that one of those five protected grounds is "a reason" for the persecution. 8 U.S.C. § 1231(b)(3)(C); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017).

Here, the BIA concluded that Sun did not carry his burden to show persecution on account of his political opinion. The BIA assumed without deciding that Sun established his arrest, seven-day detention, and harassment by officers rose to the level of past persecution, but found no nexus to a statutorily

2

protected ground. Instead, the BIA found the "detention and subsequent harassment was because [Sun] participated in a fraudulent investment scheme where an individual with personal connections to Chinese authorities lost money."

Sun contends he experienced past persecution and would face future persecution by the Chinese authorities on account of his political opinion that the Chinese Communist Party government is corrupt and, presumably, his membership in the Democratic Party of China. The record does not, however, compel the conclusion that his political opinion was a reason, let alone a central reason, for his past detention and harassment. Rather, substantial evidence supports the BIA's conclusion that Sun's detention and mistreatment was based on Sun's involvement in a fraudulent investment scheme. The targeting of Sun for "economic and personal reasons" "do[es] not constitute persecution on account of political opinion." *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (internal quotation marks and quotation omitted). As we have held, "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim." *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (citation omitted).[1]

---

[1] In light of our resolution of these claims, we need not reach Sun's additional argument concerning his allegedly well-founded fear of future persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

3.     The motion for a stay of removal is denied as moot.  The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**